UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 15-cr-20074

v        Honorable Thomas L. Ludington

MICHAEL MCCOY,

        Defendant.
_____/

**ORDER DENYING REQUEST FOR EXTENSION**

On February 11, 2015, Defendant Michael McCoy was charged with one count of conspiring to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of aiding and abetting in the distribution of child pornography in violation of 18 U.S.C. §§ 2 and 2252A(a)(2)(A). According to the government, McCoy "routinely urged [his girlfriend] to molest [a minor] and photograph it for him," Resp. 5, ECF No. 22, and possessed "a large amount of child pornography" on his computer and phones. *Id*. at 4. McCoy ultimately pled guilty to aiding and abetting the distribution of Child Pornography, and on May 9, 2016, was sentenced to a term of 156 months' imprisonment. *See* Plea Agreement, ECF No. 47. Judgment was entered on May 16, 2016. *See* Judgment, ECF No. 52.

McCoy did not file a direct appeal. On January 31, 2017 McCoy filed a request for an "extension of time to file a notice of appeal." *See* ECF No. 53. While the filing is styled as a request to extend the time for him to file an appeal, McCoy effectively seeks an extension of time to file a motion to vacate his sentence under 28 U.S.C. § 2255. He apprises the Court of his desire to file an appeal alleging ineffective assistance of counsel, and argues that he will be

unable to meet the one year deadline to file such an appeal because he has not had access to a law library.

**I.**

To the extent McCoy seeks an extension of time to file a direct appeal, his request is without merit. Under Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant must file a notice of appeal within 14 days of either "the entry of judgment or the order being appealed." While a criminal defendant may obtain an extension of time upon a showing of excusable neglect or good cause, such an extension may not exceed 30 days. *See* Fed. R. App. P. 4(b)(4). Even if McCoy was able to meet the excusable neglect or good cause standard, his request is far outside the 44 day limit.

A petitioner alleging ineffective assistance need not exhaust the claim on direct appeal, and may raise the claim in the first instance in a motion under § 2255. *Massaro v. United States*, 538 U.S. 500, 504, 508 (2003). Section 2255(f)(1) establishes a one-year statute of limitations, which begins to run on the date judgment becomes final. "When a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Under Federal Rule of Appellate Procedure 4(b)(1), McCoy's judgment became final – and the one-year statute of limitations began to run – fourteen days after judgment was entered, or on May 31, 2016. *See* Judgment, ECF No. 52. McCoy therefore has over three months left to file a motion to vacate under § 2255 alleging ineffective assistance of counsel.

McCoy argues that he will be unable to meet his upcoming deadline because he has not had access to a law library at the jail he is currently housed at. *See* ECF No. 53. Importantly,

McCoy has not attempted to file a § 2255 petition, and thus his request for an extension pertains to a legal proceeding that does not currently exist. As such, McCoy's request impermissibly seeks an advisory opinion from this Court, and must be denied. *See United States v. Asakevich*, 810 F.3d 418, 419 (6th Cir. 2016) (holding that a federal prisoner may not seek an extension of time to file a § 2255 motion before he has actually filed a § 2255 motion because a hypothetical § 2255 petition is not a justiciable case or controversy).

## II.

Accordingly, it is **ORDERED** that McCoy's request for an extension, ECF No. 53, is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 1, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 1, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager