UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case. No. 15-cr-20074

v.                                             Honorable Thomas L. Ludington
                                                Magistrate Judge Patricia T. Morris

MICHAEL MCCOY,

        Defendant.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING MOTION TO VACATE IN PART, AND DIRECTING FILING OF AFFIDAVIT**

On March 10, 2016, Petitioner Michael McCoy ("Petitioner" or "McCoy") plead guilty to aiding and abetting the distribution of child pornography in violation of 18 U.S.C. § 2252A. ECF No. 47. On May 16, 2016, judgment was entered sentencing Petitioner to 156 months incarceration. ECF No. 52. On April 3, 2017, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255 arguing ineffective assistance of counsel. ECF No. 55. The motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 57. The United States filed a response to the motion to vacate, and Petitioner filed a reply. ECF Nos. 64, 66. On August 3, 2017, Judge Morris issued a report recommending that Petitioner's motion to vacate be denied on all grounds except as to Petitioner's claim that his counsel refused to file an appeal. Rep & Rec. at 1. Judge Morris also recommended holding a limited evidentiary hearing. *Id.* Petitioner filed timely objections to the report and recommendation on August 22, 2017. ECF No. 69.

# I.

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the

district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

A claim for ineffective assistance of counsel requires the petitioner to show that his counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

**II.**

Petitioner raises six objections to the report and recommendation, which will be addressed in turn.

**A.**

Petitioner's first objection states that Judge Morris "focused solely on the first portion of my second claim and ignored where I reported that Ms. Morgan was combative and argumentative in all four of our encounters." Obj. at 1, ECF No. 69. The second claim of Petitioner's motion to vacate reads as follows: "[my attorney] repeatedly cited my 'obvious' guilt and was combative, argumentative, and uninformative in our rare meetings." Mot. to Vacate at 5, ECF No. 55. Petitioner is correct that Judge Morris's report only addressed his assertions that his counsel thought he was guilty and rarely visited him, which Judge Morris found did not state a claim for ineffective assistance of counsel. Rep. & Rec. at 5. Judge Morris did not address Petitioners' claim that his counsel was combative, argumentative, and uninformative in their encounters. Accordingly, that claim will be reviewed de novo.

In order to establish a breakdown of the attorney client relationship giving rise to ineffective assistance of counsel, a petitioner must do more that offer vague and conclusory

allegations. *Milburn v. United States*, 2013 WL 1120856, at *15 (E.D. Tenn. Mar. 18, 2013) (citing *Post v. Bradshaw,* 621 F.3d 406, 419 (6th Cir.2010)). Rather, a petitioner must offer some "factual details to flesh out his claim that a breakdown of communication [lead] to ineffective assistance." *Id.* Here, Petitioner has not done so. Asserting that his counsel was "combative, argumentative, and uninformative" falls short of the level of factual detail necessary to support his claim for ineffective assistance. Accordingly, Petitioner's first objection will be overruled.

**B.**

In his second objection, Petitioner states: "I say she misrepresented the deal, she says she did not. Yet in my claim I supply a way to prove the accuracy of my assertion; The Bay County jail phone records from March, 2016 under my inmate number." Obj. at 1. Here, Petitioner simply repeats the same assertion from his fifth ground for relief in his motion to vacate: "She misrepresented the deal I did eventually sign (Check Bay County inmate phone records for March, 2016). What was placed in front of me in court was not what I agreed to." Mot. to Vacate at 5.

An objection that merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In any event, de novo review of Petitioner's fifth ground for relief in his motion to vacate would result in the same conclusion that Judge Morris reached. Petitioner's assertion that his counsel misrepresented the terms of his plea agreement is belied by his signature on the agreement as well as his testimony at the plea hearing. The terms of the plea agreement were read aloud on the record, after which Petitioner testified that he did not hear anything that differed from his understanding of the plea agreement. Plea Hr'g Tr. at PGID 599-601, ECF No. 65. Accordingly, Petitioner's second objection will be overruled.

**C.**

In Petitioner's third objection he appears to argue that he signed his plea agreement under duress: "At this point I had been coerced, lied to, brow-beaten, yelled at, and threatened . . . I literally felt backed into a corner . . ." Obj. at 1. Petitioner makes similar assertions in the conclusion to his objections: "I signed that plea deal under duress. Duress caused by ineffective assistance of counsel." Petitioner's duress theory was not raised in his motion to vacate. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *United States v. King*, 248 F. Supp. 3d 1062, 1066 (D.N.M. 2017) (quoting *Marshall v. Chater*, 75 F.3d. 1421, 1426 (10th Cir. 1996)). Accordingly, Petitioner's third objection will be overruled.

**D.**

Petitioner's fourth objection states as follows:

> While it is true my counsel cannot be found ineffective for following the court's direction, she had ample opportunity prior to that and refused. There is plenty of case law covering similar situations of overwhelming personality conflicts and the inability to communicate being grounds for replacement of counsel due to ineffectiveness. Yet she refused and Judge Ludington dismissed my claims without so much as talking to me. I had, and still have, a right to honest, professional counsel that will represent me in court. I was denied that representation.

It is difficult to ascertain what Petitioner means, but there is no valid objection here. First, Petitioner concedes the validity of Judge Morris's statement. Next, Petitioner reasserts the same material from his motion to vacate concerning a breakdown in communication with his attorney, which was addressed above in response to objection number one. Here, Petitioner presents his objection slightly differently than he did in objection number one. Rather than focusing on the breakdown in communication itself, he appears to suggest that his counsel erred because she failed to withdraw as his counsel in light of the breakdown in communication. However, as

stated in section III.A. above, Petitioner has offered no detail to explain his conclusory claim that there was a breakdown in the relationship amounting to ineffective assistance. Accordingly, his fourth objection will be overruled on the same basis.

**E.**

Petitioner's fifth objection notes that Judge Morris did not address his contention that his counsel erred by failing to file motions for change of venue and recusal. Accordingly, de novo review is warranted. Counsel stated in her affidavit that she refused to file the motions because they had no merit. Resp. Ex. A, ECF No. 64-2. Indeed, a motion for change of venue would have been meritless. In his reply, Petitioner argues that he has never been to the state of Michigan, and that there is a "prevalent and persistent rumor that the Eastern District of Michigan is traditionally unreasonably harsh in their treatment of sex offenders." Reply at 3, ECF No. 66.

Venue is proper in the Eastern District of Michigan, as an overt act in furtherance of the conspiracy took place there, as did the underlying crime which he aided and abetted. *See United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984); *United States v. Carpenter*, 819 F.3d 880, 891 (6th Cir. 2016). Petitioner was not entitled to transfer venue to what he perceived to be a more lenient district when venue was proper in this district.

Petitioner identifies no grounds for recusal based on a conflict of interest, but merely notes that the same judge presided over his case and his co-conspirators' case. Accordingly, Petitioner's fifth objection will be overruled.

**F.**

Petitioner's sixth objection is directed at his counsel's alleged failure to properly represent him in his motion to suppress. In his motion to vacate, Petitioner asserted that his counsel "failed to adequately represent me in the motion to suppress evidence. Delegating the

key witness to her inexperienced and ill-prepared assistant, and not properly preparing the groundwork to question her." Mot. to Vacate at 5. Judge Morris found his allegations vague and unsupported. Rep. & Rec. at 6.

In his objection petitioner alleges the "assistant" was ineffective in that he "stuttered and stammered," asked no follow-up questions and allowed the witness to "monologue" against him, thereby "despoiling his character without objecting once." Obj. at 3. An objection that merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

Next, Petitioner suggests he could augment his allegations if he could obtain counsel, his detailed personal notes, and a time extension. That Petitioner lacked sufficient resources to formulate a claim for ineffective assistance of counsel is not a valid objection to Judge Morris's report. Petitioner is not entitled to the assistance of appointed counsel to pursue habeas relief, and the Court is not the custodian of his personal notes. Furthermore, his objections to the report and recommendation is not the stage of the proceeding to request an extension of time to seek habeas relief. Equitable tolling of the deadline to file a habeas petition is generally limited to extraordinary circumstances that prevented the petitioner from filing the petition. *Moore v. U.S.*, 2017 WL 3923085 at *2 (6th Cir. Apr. 12, 2017). Petitioner has not shown extraordinary circumstances. Furthermore, he does not seek equitable tolling of his deadline to file a petition, but rather seeks to augment his current petition, which would essentially amount to a second habeas petition. Accordingly, Petitioner's sixth objection will be overruled.

**III.**

Only one of the allegations in Petitioner's motion to vacate states a potential claim for ineffective assistance. Specifically, Petitioner alleged that his counsel "refused" to file a direct appeal on his behalf. Mot. to Vacate at 5. Refusal to file a direct appeal when instructed to do so is per se ineffective assistance of counsel, irrespective of an appeal waiver contained in the plea agreement. *Campbell v. United States*, 686 F.3d 353, 357–58 (6th Cir. 2012). Petitioner's counsel stated as follows via affidavit: "I do not recall him asking to file an appeal but, if he did, I would have told him that he could appeal." Resp. Ex. A, ECF No. 64-2. Judge Morris found that Petitioner has presented a factual dispute and recommended holding a limited evidentiary hearing on the question of whether Petitioner's counsel refused to file a direct appeal. For the reasons that follow, this recommendation will not be adopted.

**A.**

"An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief. Thus, no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotations and citations omitted).

In *Pola*, a habeas petitioner alleged that his counsel refused to file a direct appeal. *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015). The district court denied his request for an evidentiary hearing based solely on conflicting affidavits of petitioner and his attorney, finding the latter more credible. *Id.* The Sixth Circuit reversed, holding that the petitioner had presented a factual dispute and was entitled to an evidentiary hearing. *Id.* The court noted that the attorney's affidavit did not directly contradict Petitioner, but merely stated that he did not recall

his client asking him to file an appeal, and that his practice is to file an appeal when his clients instruct him to do so. *Id.* at 534.

The court clarified, however, that even if the attorney had directly contradicted the petitioner, an evidentiary hearing would still be necessary "in order to test and evaluate the apparently conflicting memories and credibility of the two affiants." *Id.* The court observed that "when the decision to conduct a 2255 evidentiary hearing turns on credibility issues, then resolution on the basis of affidavits can rarely be conclusive." *Id.* Notably, the district court's only reason for questioning petitioner's allegations was that they were "self-serving." *Id.* at 535. The Sixth Circuit rejected this reasoning, and found no other reason to dismiss petitioner's allegations as inherently incredible.

**B.**

Here, Ms. Morgan's declaration is strikingly similar to the attorney in *Pola*, in that it does not affirmatively deny that a discussion ever occurred, but simply states: "I do not recall him asking to file an appeal but, if he did, I would have told him that he could appeal." Morgan Decl. at 2, ECF No. 64-2. Furthermore, as the Sixth Circuit noted, her statement by itself would not obviate the need for an evidentiary hearing to determine credibility had Petitioner provided a specific, sworn statement to the contrary.

However, Petitioner's allegation in his motion is insufficient to create a factual issue warranting an evidentiary hearing. Notably, Petitioner's allegation differs from the petitioner in *Pola* in a number of respects. First, the petitioner in *Pola* submitted an affidavit setting forth a narrative of events surrounding his attorney's refusal to file an appeal, as well as his motivation for doing so. *Pola*, 778 F.3d at 532. By comparison, Petitioner McCoy included a one sentence

allegation in his motion to vacate that "[t]here was no immediate direct appeal because she refused to file one on my behalf, saying I had no grounds." Mot. to Vacate at 5.

Petitioner does not specifically contend that he asked his attorney to file an appeal, but only that she "refused" to do so. Petitioner provides slightly more specificity in his reply: "I do attest that I did make the request and was refused by Ms. Morgan, because she 'does not file motions that she knows will fail.'" Reply at 4. This is the clearest statement petitioner provided of his conversation with Ms. Morgan, and the only time in which he overtly states that he asked her to file an appeal. Notably, this statement is not offered via affidavit or other sworn document. Rather, it is offered in a reply brief that does not contain an attestation under penalty of perjury. Furthermore, the statement offers almost no detail regarding the conversation that occurred, where it occurred, or when it occurred.

Thus, Petitioner has not yet raised a factual dispute necessitating an evidentiary hearing. Prior to ruling on the motion for an evidentiary hearing, the district court in *Pola* had directed petitioner to submit an affidavit regarding whether he asked his attorney to file a notice of appeal. Here, Petitioner McCoy will be granted the same opportunity to submit an affidavit setting forth a specific and complete narrative of his discussion with his attorney in which he asked her to file an appeal. The affidavit should include no other material, and should not re-litigate the merits of his motion to vacate. Petitioner's motion to vacate will be denied as to all allegations except the allegation that his attorney refused to file an appeal. The necessity for an evidentiary hearing will be determined after the Court receives petitioner's affidavit.

**C.**

The court in *Pola* also found that the district court's analysis of petitioner's ineffective assistance claim was flawed in that the district court only considered whether petitioner's

attorney had refused to file an appeal at petitioner's overt request. *Pola v. United States*, 778 F.3d 525, 534 (6th Cir. 2015). The Sixth Circuit indicated that the district court should have also considered whether 1) a rational defendant in petitioner's situation would want to file an appeal and 2) whether the petitioner had reasonably demonstrated to his attorney that he wanted to appeal, even if he did not ask directly. *See Id.* If so, his attorney's failure to consult with him regarding the benefits and drawbacks of filing an appeal would amount to ineffective assistance irrespective of whether petitioner made an overt request. *See Id.* In performing this analysis, the Sixth Circuit instructed that a district court should consider "all relevant factors in a given case, which may include whether the defendant pleaded guilty, thereby reducing the number of appealable issues, or whether the defendant received a sentence longer than anticipated." *Id.* at 533 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).

Here, there is nothing in the record to suggest that petitioner reasonably demonstrated to his attorney that he wanted to appeal, though his forthcoming affidavit should shed additional light on this question. Nor do the facts suggest a reasonable petitioner in his situation would want to file an appeal. In fact, they suggest precisely the opposite. Firstly, defendant received a sentence *shorter* than anticipated. His sentence of 156 months was well below the bottom end of his guideline range of 188-235 months, as reflected in his rule 11 agreement. ECF No. 47 at 3.

Furthermore, his rule 11 agreement contains an appeal waiver, in contrast to the petitioner in *Pola*. The waiver provides as follows: "The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 156 months, the defendant also waives any right he may have to appeal his sentence on any grounds." *Id.* at 7. Petitioner signed the plea agreement containing the appeal waiver. ECF No. 47. The terms of the appeal waiver were read aloud on the record at the plea hearing and he

confirmed his assent to the terms. Plea Hr'g Tr. at PGID 599-601, ECF No. 65. Petitioner's counsel also indicated at the sentencing hearing that she had reviewed the appeal waiver with Petitioner. Sent. Hr'g. at PGID 626, ECF No. 67.

Thus, any failure by counsel to consult with Petitioner regarding the benefits and drawbacks of filing an appeal would not amount to ineffective assistance.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 69, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 68, is **ADOPTED** in part.

It is further **ORDERED** that Petitioner's motion to vacate and request for evidentiary hearing, ECF No. 55, is **DENIED** in part, as to all issues except his allegation that his attorney refused to file a direct appeal.

It is further **ORDERED** that Petitioner is **DIRECTED** to file an affidavit as explained above, on or before **February 8, 2018.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 9, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager